IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN H. PAGE                )
                            )
Plaintiff                   )
                            )
v.                          )
                            )  Case No. 1-25-cv-0018
                            )
DONALD J. TRUMP et al       )
                            )
                            )
                            )
                            )

Defendants

## MOTION TO ACCEPT AMENDED COMPLAINT, ADD NATIONAL CLASS MEMBERS, ADD DEFENDANTS AND VACATE/STAY DISMISSAL ORDER

### I. INTRODUCTION

1. While the Plaintiff thanks the court for a speedy response to the originally filed complaint, Plaintiff believes its Order of January 15, 2025 was premature and denies his due process rights. Note: While the docket shows ECF privileges were granted on January 14, Plaintiff did not learn of the order until January 20, 2025 from a friend. He has checked his email folders thoroughly so maybe something is misconfigured in the ECF. Consequently, Plaintiff has only had a few hours to compile this motion.

2. Fed. R. Civ. P. 15(a) provides: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.." Plaintiff so intends to file an Amended Complaint taking into account the events of January 20th, which events neither the

1

Court nor the Plaintiff could know for certain in advance so the allegations and standing were not fully established, and moves the court to vacate or stay its dismissal order.

3. The Amended Complaint will clarify standing as further described below, which were based on fears of what an illegitimate, insurrectionist government would do given pronouncements like "You will never need to vote again."

## II. AMENDED COMPLAINT

4. Plaintiff informs the court that his Amended Complaint intends to:

   i. add other plaintiffs as a class under rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005. Plaintiff has available hundreds if not thousands of individuals who wish to join in a class action because Defendant 1 committed insurrection;

   ii. add class counsel, since Plaintiff cannot represent in court those who wish to join;

   Note: Plaintiff's prior case noted by the court in its dismissal opinion was about ballots under District of Columbia law and, while it would be possible to have amended standing arguments or turned that into a local class action, Plaintiff decided not to because the timing would have made it moot;

   iii. add further defendants that participated in and/or aided Defendant 1's crime;

   iv. remove Defendant 3 who, on reflection, did not directly participate in the inauguration of Defendant 1 and I have no evidence that she knew Defendant 2 would break the law;

   v. add claims for monetary damages;

   vi. make other amendments for consistency and subsequently learned facts.

5. Plaintiff repeats here from the first filed Complaint that Defendant, having now been inaugurated, effectively controls Department of Justice criminal litigation through the Executive Branch of the U.S. Government. Because of this, justice will be defeated if this

Court does not grant the relief requested and Defendant 1, already a convicted felon, will not have to face the consequences of having "engaged in insurrection".

6. Plaintiff also repeats from the first filed Complaint that this action should not be denied on the grounds of Presidential immunity. Being sworn in as forbidden by 18 U.S.C. 2383, is not a Presidential duty, and it is theft of office.

### III. STANDING

7. Plaintiff must have suffered an injury in fact to achieve *U.S. Const. Art III* standing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

8. Standing is alleged in the first filed version of the Complaint based on reasonable suspicion of intent to commit a crime, see also Complaint ¶ 19. It turns out that Plaintiff's suspicion of a crime in progress was correct. Defendant 1's crime having been committed, Plaintiff's fears of Defendant 1's subsequent actions were realized and therefore reasonable and correct as exemplified here. For example, Defendant 1 has used a stolen Federal office, the Presidency, to dismiss over 1,500 cases related to the January 6, 2021 insurrection in which Defendant 1 was found to have engaged per the allegations in the Complaint. One well known insurrectionist, one Mr. Angeli-Chelmsly (a.k.a. American Shaman) posted on publicly available media (in all caps):

> "I JUST GOT THE NEWS FROM MY LAWYER…
> I GOT A PARDON BABY!
> THANK YOU PRESIDENT TRUMP!
> NOW I AM GOING TO BUY SOME MOTHA FU*KIN [sic] GUNS!!!"

9. Defendant 1's insurrection got people killed and injured and some had to hide and flee fearing for their lives, the trustworthy facts established by the January 6 Congressional Committee. Plaintiff has an entirely reasonable fear that Defendant 1 will continue to instruct his unlawful

3

mob to attack and intimidate anyone who stands in his way, even judges[1], and he is weaponizing the DOJ[2]. If Defendant 1 and his insurrectionist followers will do such things to employees of the United States, Plaintiff has every reason to be afraid as an individual and plaintiff. Defendant 1 is trying to rule by fear; the Holocaust started as a mass deportation.

10. **The Founder's Fear of Insurrection**. Plaintiff has expected that this Court would recognize from ¶ 19 and ¶ 20 in the Complaint that insurrection comes with it fears to any person who is not part of the insurrectionist faction. It is easy to see the rationality of that fear in the Federalist Papers written by the Founding Fathers including Hamilton, Madison and Jay who wrote the U.S. Constitution to guard against that. Defendant 1 now has full control over the Executive Branch, effective control over the Legislative Branch and looks to have very great sway over the Judicial branch. The Founders expressed their fears and debated insurrection and factions in Federalist Papers 9, 10, 11, 14, 15, 16, 27, 28, 29, 43, 45, 51, 61, 65, 70, 71, 73, 74 and 85. It is therefore reasonable for Plaintiff to have fear of the results of an insurrection by a faction; he will make sure to spell out in the Amended Complaint that the reason for standing in this suit is fear and he will try not to rely on the Court having a similar self-evident understanding that having standing to complain about a crime of insurrection is necessary. Faction members, of course will not have the same fear.

11. Complaints must be allowed based on fear of significant damage: *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 150 (4th Cir. 2000) (challenging Gaston Copper's discharge of pollutants into a river); *Cent. Delta Water Agency v. United States*, 306

---

[1] Reuters, May 14, 2024 "When Donald Trump attacks the integrity of judges hearing cases against him, his followers often respond with posts urging that the jurists be beaten, tortured and killed."
[2] New York Times, January 21, 2025 (the day after Defendant 1 illegally took Federal office) "But in an executive order he signed on Monday night, Mr. Trump made clear that he has every intention to seek out and possibly punish government officials in the Justice Department and America's intelligence agencies as a way to 'correct past misconduct' against him and his supporters."

F.3d 938, 943 (9th Cir. 2002) (considering fear-based standing in a case that deals with an issue characterized as being of great importance). According to the *Central Delta Water Agency* court, the case "requires us to address the circumstances under which a party that fears that it will be significantly injured by another's actions may bring a lawsuit to prevent the possible future injury."

12. In *Me. People's Alliance v. Mallinckrodt, Inc.*, 471 F.3d 277, 285 (1st Cir. 2006) the court found injury-in-fact sufficient for standing in "increased risk" which "rendered reasonable the actions of the plaintiffs' members in abstaining from their desired enjoyment of the Penobscot"; in *Denny*, 443 F.3d at 264 the court decided "An injury-in-fact may simply be the fear or anxiety of future harm."); *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 950 (9th Cir. 2002) (finding injury-in-fact on the basis of "a credible threat of harm" to environmental interests).

13. Finally, the U.S. Supreme Court in *Laidlaw*, 528 U.S. at 184–85 discusses the sufficiency of reasonable fear for the injury-in-fact requirement of *Article III* and says "the only 'subjective' issue here is '[t]he reasonableness of [the] fear" that led the affiants to respond to that concededly ongoing conduct by refraining from use of the North Tyger River and surrounding areas." So Plaintiff's standing in this case depends on the reasonableness of his fear and a planned class action will depend on a showing of a common fear. Plaintiff has requested process by jury demand so that the jury can assess the reasonableness of his fear based on evidence presented and not a judge who may have a vested interest in results that favor the judiciary of which a prominent member is a Defendant herein. This Court should not pre-empt the jury.

5

14. Plaintiff hereby moves to dismiss the Complaint as to Defendant 3. In the context of the actual events surrounding the inauguration, he has no firm evidence that Defendant 3 participated in the crime that took place and she was entitled to rely on Defendant 2 obeying the law.

15. The Court opinion of January 15 does not dispute that Defendant 1 engaged in insurrection and he is not, therefore, President. This Court's opinion also does not deny that Defendant 2 had full knowledge of that fact and 18 U.S.C. 2383 was effective. Defendant 2 cannot deny that knowledge because he wrote the opinion in the U.S. Supreme Court case *Trump v. Anderson* that cites that statute.

## IV. RELIEF

16. An order is attached to:

    i. Vacate to January 15 order of this Court since Fed. R. Civ. P. 15(a) provides for amended complaints and no responsive pleading has yet been filed;

    ii. Remove Defendant 3 from this case;

    iii. Allow 30 days for Plaintiff to file First Amended Complaint that may expand the Plaintiff to a class with appropriate counsel.

January 22, 2025

Respectfully submitted,

/s/ John H. Page
John H. Page

1077 30th Street NW, Apt 411
Washington, D.C. 20007
Telephone: 202-352 6952
john.h.page@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN H. PAGE           )
                       )
Plaintiff              )
                       )
v.                     )
                       )  Case No. 1-25-cv-0018
DONALD J. TRUMP et al  )
                       )
                       )
                       )
                       )
Defendants

## [PROPOSED] ORDER

Upon consideration of the Plaintiff's **MOTION TO ACCEPT AMENDED COMPLAINT, ADD NATIONAL CLASS MEMBERS, ADD DEFENDANTS AND VACATE/STAY DISMISSAL ORDER** it is hereby:

**ORDERED** that

i. This Court vacates its order in this case of January 15 and it is further ORDERED that

ii. Plaintiff shall have 30 days from the date of this Order to file a First Amended Complaint that removes Defendant Amy Klobuchar from this case.

_____
Date

7