UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN H. PAGE, <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD J. TRUMP et al., <br><br> *Defendants*. | Civil Action No. 25-18 (TJK) |

## ORDER

On January 15, 2025, the Court sua sponte dismissed Plaintiff's case—which sought to halt President Trump's inauguration because he is purportedly disqualified from holding federal office (for having engaged in an insurrection)—for lack of standing. ECF Nos. 4, 5. Plaintiff subsequently moved to vacate that dismissal order, which the Court denied. Minute Order of January 24, 2025. Plaintiff now moves for the Court to reconsider that denial so that he may amend or supplement his complaint. ECF No. 7. The Court will deny this motion as well.

"Because the Federal Rules of Civil Procedure do not contain anything known as a 'Motion for Reconsideration,' the court will treat the plaintiff's motion," which reiterates his prior request that the Court vacate its final judgment, "as a motion to alter or amend the judgment as per Federal Rule of Civil Procedure 59(e)." *Rann v. Chao*, 209 F. Supp. 2d 75, 77 n.1 (D.D.C. 2002), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003). It is well-settled that a party seeking to amend or supplement a complaint already subject to a final judgment may not do so "unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment." *Nextel Spectrum Acquisition Corp. v. Hisp. Info. & Telecomms. Network, Inc.*, 571 F. Supp. 2d 59, 65 (D.D.C. 2008) (quotation and internal quotation marks omitted). Thus, contrary to Plaintiff's assertion that his right to

amend "is available by rule regardless of sua sponte action by the court," ECF No. 7 at 4, Plaintiff must first establish that he is entitled to vacatur of the Court's dismissal order. But Rule 59(e) "motions are 'disfavored' and are reserved for 'extraordinary circumstances.'" *Bond v. DOJ*, 286 F.R.D. 16, 20 (D.D.C. 2012*), aff'd*, No. 12-5296, 2013 WL 1187396 (D.C. Cir. Mar. 14, 2013) (quoting *Liberty Prop. Tr. v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97 (D.D.C. 2008)). A party seeking such relief must generally show "(1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice." *Id.*

Plaintiff has not identified any intervening change of controlling law, nor has he explained how the Court committed a clear error or manifest injustice in its prior orders. At most, he simply rehashes his prior arguments that, because President Trump "controls the Department of Justice and does not respect its independence," Plaintiff's case "falls outside the general[]" rule that "prosecution of crimes is reserved to the Department of Justice." ECF No. 7 ¶ 4(ii). But Rule 59(e) is not the proper vehicle to relitigate issues the Court has already addressed. *Bond*, 286 F.R.D. at 20.

As for new evidence, Plaintiff alleges that the "Trump Crime Organization" has engaged in additional misconduct since Plaintiff filed his initial suit, which has resulted in "particularized harm." ECF No. 7 ¶ 4(iv). Specifically, Plaintiff alleges that associates of President Trump, including Elon Musk, have committed various illegal acts and improperly seized access to sensitive information and data, including data belonging to him. *See id.* ¶¶ 5–32. Accordingly, Plaintiff asserts that he would like to supplement his complaint to allege those facts and add additional defendants to this lawsuit. *See id.* ¶ 33(i). But these new allegations are not "new evidence" in the relevant sense because they do not bear on Plaintiff's original claim or the Court's resolution of it. "A Motion to Alter or Amend is used solely to evaluate the Court's judgment on claims that

2

were before the Court when it passed its initial judgment—it is not an avenue for plaintiffs to re-litigate entirely new claims." *Bond*, 286 F.R.D. at 21.  Yet Plaintiff's new allegations all involve conduct unrelated to his initial claim, which was that allowing President Trump to take office because he allegedly engaged in an insurrection would itself be a crime.  ECF No. 7 ¶ 3.  Indeed, Plaintiff admits that "[t]hese charges are subsequent and additional to" his initial claim and are "not a substitute for it."  *Id.* ¶ 4(iv).  So these new allegations are not new evidence relevant to the "claims that were before the Court when it passed its initial judgment."  *Bond*, 286 F.R.D. at 21.

Courts routinely reject Rule 59(e) motions when those motions merely attempt to assert new claims based on allegations that post-date the filing of an initial complaint and the court's judgment.  Such claims, which target new conduct not at issue in the initial complaint, "belong in a separate lawsuit."  *Nathan Sessing v. Sherman*, No. 13-cv-1684, 2017 WL 1709322, at *2 (E.D. Cal. May 3, 2017), *aff'd sub nom. Sessing v. Sherman*, 708 F. App'x 417 (9th Cir. 2017); *West v. Grams*, No. 11-cv-687, 2014 WL 5609932, at *1 (W.D. Wis. Nov. 4, 2014).  So too here.

For all the above reasons, Plaintiff has not shown that he is entitled to vacatur of the Court's prior orders.  Thus, it is hereby

**ORDERED** that Plaintiff's "First Motion to Reconsider Order of 1/24/2025 and to Permit Amended Complaint with New Facts, Civil RICO and Add Defendants," ECF No. 7, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: February 7, 2025